UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


CHARLES ANTHONY ABRAMS                                                          PLAINTIFF


v.                                                                    NO. 3:13-CV-01218-CRS


DAKKOTA INTEGRATED SYSTEMS, LLC                                                 DEFENDANT


**MEMORANDUM OPINION**

This matter is before the court on a motion to remand filed by Plaintiff Charles Anthony Abrams against Defendant Dakkota Integrated Systems, LLC. (DN 4). Fully briefed, the matter is now ripe for adjudication. For the reasons set forth below, the court will deny Plaintiff's motion to remand (DN 4).

Plaintiff filed this action in Jefferson County, Kentucky, Circuit Court on October 22, 2013, alleging that he was discriminated against and wrongfully discharged by Defendant, his former employer. (Compl., DN 1-1). Plaintiff asserts claims for disability discrimination, unlawful discharge, failure to accommodate, and intentional infliction of emotional distress. (*Id.*). He seeks compensatory damages for past and future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation, and embarrassment, in addition to punitive damages and attorney's fees. (*Id.*).

As required under Kentucky law, Plaintiff's complaint did not specify the amount of damages sought. *See* Ky. R. Civ. P. 8.01(2). However, while the action was pending in state court, Defendant served Plaintiff with the following request for admission:

> 1. Please admit that the amount of damages sought or to be claimed by Plaintiff in this lawsuit against Dakkota exceeds or will exceed $75,000.00, exclusive of costs and interest.

(DN 1-2). Defendant asserts that it served this request on November 11, 2013. Under the Kentucky Rules of Civil Procedure, Plaintiff had thirty days to respond to the request; otherwise, the statement would be deemed admitted. Ky. R. Civ. P. 36.01(2). Plaintiff failed to respond to the request within the thirty-day period.[1] Thus, under the Kentucky Rules of Civil Procedure, Plaintiff is deemed to have admitted that the amount in controversy in this action exceeds or will exceed $75,000, exclusive of interests and costs. *Id.*; *see Rose v. Rawlins*, 358 S.W.2d 538, 539–40 (Ky. 1962); *Foote v. Applied Card Bank*, 2008 WL 5429544 (Ky. Ct. App. Dec. 31, 2008).

Defendant removed the action to this court on December 17, 2013, after the expiration of the thirty day response period provided by Kentucky Rule of Civil Procedure 36.01(2). (DN 1). Defendant argued that this court had jurisdiction over the action because the parties were diverse[2] and the amount in controversy exceeded the jurisdictional threshold. (*Id.*). Plaintiff subsequently filed a motion to remand the action to Jefferson Circuit Court. (DN 4). In support of his motion, Plaintiff argues that "the amount in controversy is less than $74,999.00" and is thus insufficient to vest this court with jurisdiction. Plaintiff also submitted the following stipulation:

> Plaintiff expressly asserts in the above cause of action, and any subsequent action(s), that Plaintiff will not seek <u>or accept</u> an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief. This stipulation does not limit Plaintiff's ability to seek costs or interest on a judgment.

(DN 4-1) (emphasis in original).

---

[1] Plaintiff has not provided a reason for his failure to respond within the thirty-day period, nor does he deny that he failed to respond to the request.
[2] It is undisputed that complete diversity exists between the parties. Plaintiff is a resident and citizen of Kentucky, while Defendant is organized under the laws of Michigan and has its principal place of business in Michigan.

As the removing party, Defendant bears the burden of establishing the prerequisites for federal jurisdiction by a preponderance of the evidence. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). The court determines federal jurisdiction "by examining the complaint as it existed at the time of removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

Here, Defendant has shown that it is "more likely than not" that Plaintiff's claims meet the amount in controversy requirement so as to establish federal jurisdiction. *See Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Gafford*, 997 F.2d at 158). By failing to timely respond to Defendant's request, Plaintiff is deemed to have admitted that the amount in controversy exceeds the jurisdictional threshold. *See Dawes v. G.L. Mezzetta, Inc.*, 2011 WL 5523662 (E.D. Ky. Nov. 14, 2011); *Miller v. Malik*, 2011 WL 2968428, *2 (E.D. Ky. July 20, 2011) ("Several courts have held that deemed admissions like this one are sufficient to establish the amount in controversy.") (collecting cases).

Moreover, we find that Plaintiff's stipulation is insufficient to prevent removal of the instant action. Courts in this district have recognized that a post-removal stipulation can serve as a basis for remand if it is an "unequivocal statement . . . limiting damages" that also clarifies the

amount in controversy for the first time in the action. *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 778 (W.D. Ky. 2002). The stipulation in the instant action satisfies the "unequivocal language" requirement, in that its wording is identical to the stipulation that this court upheld in *Spence v. Centerplate*. 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013) ("[Plaintiff] expressly asserts . . . that [he] will not seek <u>or accept</u> an award of damages in excess of $74,999.00 . . . .") (emphasis in original). However, the stipulation does not satisfy the second requirement, given that it is being used to reduce or change the amount in demand in order to achieve remand. The stipulation cannot operate to "clarify" the amount in controversy because it was made after Plaintiff's deemed admission. The law is clear that Plaintiff cannot reduce his claim or demand in such a manner so as to avoid removal. *See Rogers*, 230 F.3d at 872; *Egan*, 237 F. Supp. 2d at 776. Therefore, we will deny Plaintiff's motion for remand (DN 4) by separate order.

June 2, 2014

                                                  **Charles R. Simpson III, Senior Judge**
                                                    **United States District Court**